ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| GULFSTREAM AEROSPACE CORP.  ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No.: CV405-018 |
| ) | |
| CAMP SYSTEMS INTERNATIONAL, ) | |
| LLC ) | |
| Defendant. ) | |
| _____ ) | |

## FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN

Plaintiff Gulfstream Aerospace Corporation ("GULFSTREAM"), pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, files this First Amended Complaint against Defendant CAMP Systems International LLC ("CAMP" or "Defendant"), and shows the Court as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action under 17 U.S.C. § 501, 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1337 and 28 U.S.C. § 1338.

2. Defendant is subject to the personal jurisdiction of this court.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(a).

### THE PARTIES

4. GULFSTREAM is a Georgia corporation with its principal place of business located at 500 GULFSTREAM Road, Savannah, Georgia 31407.

TPA#1986791.1

5.  CAMP is a limited liability company organized and existing under the laws of the State of Colorado, with its principal place of business located at LI MacArthur Airport, 999 Marconi Avenue, Ronkonkoma, New York, 11779-7299.

## FACTUAL BACKGROUND

6.  GULFSTREAM is the world's leading manufacturer and seller of top quality aircraft, primarily business jets. Its business also includes developing and selling spare parts, technical publications and support services for the in-service fleet of GULFSTREAM aircraft. Included in the technical publications are manuals relating to the operation and maintenance of each aircraft model sold by GULFSTREAM, which GULFSTREAM carefully develops with considerable effort and at substantial expense. GULFSTREAM updates and reviews these manuals on a regular basis and sells the Maintenance Manuals (the manuals and revisions thereto being collectively referred hereinafter as the "Maintenance Manuals") on a subscription basis to its customers, either directly or through an authorized licensee. GULFSTREAM is the sole owner of all copyrights in these Maintenance Manuals, and it routinely registers its copyrights with the U.S. Copyright Office to protect its valuable rights in those works.

7.  Upon information and belief, CAMP is now offering and providing a computer-based maintenance tracking service to operators of large cabin GULFSTREAM aircraft. This CAMP system provides to customers, among other things, procedural text and illustrations giving instructions for performing specific maintenance tasks on GULFSTREAM aircraft. That text and those illustrations used in that system are copied from GULFSTREAM's copyrighted Maintenance Manuals, thus creating derivative

2

works from GULFSTREAM's Maintenance Manual (the "Derivative Works"), which are then stored by CAMP on its computer systems, copied and used by CAMP and distributed by CAMP to its customers, to be loaded onto and displayed on the customer's computers.

8.  CAMP admits in its advertising that procedural text and illustrations used in its maintenance tracking system come from current GULFSTREAM maintenance documentation.

9.  On information and belief, the advertising letter attached to GULFSTREAM's original Complaint as Exhibit 1, which states that "the procedural text and illustrations [used in the CAMP maintenance tracking system for GULFSTREAM aircraft] come from current GULFSTREAM maintenance documentation," is a true and accurate copy of a CAMP advertising letter.

## COUNT I

### CAMP'S INFRINGEMENT OF GULFSTREAM'S COPYRIGHTS

10.  GULFSTREAM specifically incorporates and realleges the allegations in Paragraphs 1-9 of this First Amended Complaint as though set forth fully herein.

11.  GULFSTREAM is the sole owner of the copyrights in the Maintenance Manuals, as evidenced under Certificate of Copyright Registration Nos. TX6-025-944, TS-6-032-296, TX 5-976-015 and TX 5-997-177, true copies of which were attached as Exhibit 2-5 to GULFSTREAM's original Complaint, and are incorporated herein by this reference. GULFSTREAM has complied with all statutory requirements in securing

3

federal statutory copyrights for said Maintenance Manuals under the Copyright Laws of the United States.

12. GULFSTREAM has not licensed Defendant to reproduce, publish or distribute the Maintenance Manuals, or to otherwise exercise the rights GULFSTREAM enjoys as owner of the copyright in these works.

13. Defendant has infringed, and will continue to infringe unless enjoined by this Court, GULFSTREAM's exclusive rights to the copyrights in the Maintenance Manuals by (i) reproducing copies of said copyrights Maintenance Manuals, (ii) distributing copies of said copyrighted Maintenance Manuals and/or (iii) preparing Derivative Works based on the Maintenance Manuals.

14. Defendant has further infringed, and will continue to infringe unless enjoined by this Court, GULFSTREAM's exclusive rights to the copyrights in the Maintenance Manuals by authorizing and encouraging Defendant's customers to create additional copies of the Derivative Works on Defendant's customer's computers.

15. Defendant's conduct is knowing, willful and intentional.

16. The harm caused by Defendant's conduct is immediate, continuing and irreparable at law. GULFSTREAM has no adequate remedy at law that will compensate it fully for the continuing and irreparable harm it will suffer if the wrongful conduct of Defendant is not enjoined.

17. By reason of the foregoing conduct, GULFSTREAM hereby asserts a claim against Defendant for injunctive and monetary relief pursuant to 17 U.S.C. §§ 502 through 505, in respect of Defendant's infringement of the works protected under

GULFSTREAM's Certificate of Copyright Registrations Nos. TX 6-025-944, TX 6-032-296, TX 5-976-015 and TX 5-997-177.

18. By reason of the foregoing, Plaintiff also seeks to recover its attorneys fees together with the costs of action pursuant to 17 U.S.C. § 504 and 505.

19. GULFSTREAM has no adequate remedy at law that will compensate it fully for the continuing and irreparable harm it will suffer if the wrongful conduct of Defendant is not enjoined.

## COUNT II

### CAMP'S FALSE DESIGNATION OF ORIGIN OF ITS DERIVATIVE WORKS

20. GULFSTREAM specifically incorporates and realleges the allegations in Paragraphs 1-19 of this First Amended Complaint as though set forth fully herein.

21. Defendant's acts of incorporating GULFSTREAM's procedural text and illustrations into Defendant's Derivative Works and then authorizing and encouraging Defendant's customers to make additional infringing copies of the Derivative Works clearly implies to Defendant's customers that Defendant is distributing such Derivative Works with the sponsorship or approval of GULFSTREAM, especially where Defendant advertises and promotes its products as incorporating the material from the GULFSTREAM manuals.

22. Defendant's actions are likely to cause confusion, or to cause mistake, or to deceive the customers of Defendant as to the origin, sponsorship or approval of the Derivative Works, in violation of 15 U.S.C. §1125(a).

5

23.     Defendant's conduct is knowing, willful and intentional, wherefore, this action is exceptional.

24.     The harm caused by Defendant's conduct is immediate, continuing and irreparable at law. GULFSTREAM has no adequate remedy at law that will compensate it fully for the continuing and irreparable harm it will suffer if the wrongful conduct of Defendant is not enjoined.

25.     By reason of the foregoing conduct, GULFSTREAM hereby asserts a claim against Defendant for injunctive and monetary relief pursuant to 15 U.S.C. §§ 1116 and 1117 with respect to Defendant's false designation or origin, sponsorship or approval of the Derivative Works.

26.     By reason of the foregoing, Plaintiff also seeks to recover its attorney fees, together with the costs of the action pursuant to 17 U.S.C. §1117.

## PRAYER FOR RELIEF

WHEREFORE, GULFSTREAM prays for judgment in its favor and against Defendant and seeks the following relief from this Court:

(a) (1) as provided by17 U.S.C. § 502, an Order preventing and enjoining Defendant and those acting in concert with it from infringing the works protected under Certificates of Copyright Registrations Nos. TX 6-025-944, TX 6-032-296, TX 5-976-015 and TX 5-997-177 by reproducing or distributing those works without GULFSTREAM's consent, or by preparing Derivative Works based on any or all of those works without GULFSTREAM's consent;

6

(2) as provided by 15 U.S.C. § 1116, an Order preventing and enjoining Defendant and those acting in concert with it from falsely indicating that Defendant's Derivative Works originate from, are sponsored by or approved by GULFSTREAM, either explicitly or implicitly;

(b) (1) as provided by 17 U.S.C. §§ 504 and 505, an Order awarding GULFSTREAM, at its election, either actual or statutory damages against Defendant, jointly and severally, together with recovery of GULFSTREAM's reasonable attorneys' fees and full costs, for all claims asserted with respect to each of the works protected under Certificates of Copyright Registrations Nos. TX 6-025-944, TX 6-032-296, TX 5-976-015 and TX 5-997-177;

(2) as provided by 15 U.S.C. § 1117, an Order awarding GULFSTREAM Defendant's profits from the Derivative Works, the monetary damages sustained by GULFSTREAM from Defendant's false designation of origin, sponsorship or authorization, and costs of this action, including reasonable attorneys fees due to the exceptional nature of the action;

(c) (1) an Order awarding GULFSTREAM an increased award of damages for those acts of willful infringement found to have been committed by Defendant involving the works protected under Certificates of Copyright Registrations Nos. TX 6-025-944, TX 6-032-296, TX 5-976-015 and TX 5-997-177;

(2) an Order awarding GULFSTREAM an increased award of damages equal to three times the damages sustained by Plaintiff by those acts of false designation of origin, sponsorship or authorization, pursuant to 15 U.S.C. § 1117;

(d) an Order requiring Defendant to deliver up to the Court for destruction all works that infringe on GULFSTREAM's copyrighted works;

(e) an Order directing Defendant to file with the Court and serve upon GULFSTREAM's counsel within thirty (30) days after entry of judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the Court's order regarding destruction of works that infringe on GULFSTREAM's copyrighted works, including, but not limited to, an accounting of the number of copies of the copyrighted works delivered up for destruction; and

(f) an Order awarding GULFSTREAM such other and further relief as to the Court may seem just and proper.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

_____
Wade H. Herring, II
Georgia Bar No. 349343
Shawn A. Kachmar
Georgia Bar No. 405723

200 E. St. Julian Street
P. O. Box 9848
Savannah, Georgia 3412
(912) 236-0261
(912) 236-4936 (fax)

CARLTON FIELDS, P.A.
James H. Cox
Georgia Bar No. 192425

Attorneys for Plaintiff

One Atlantic Center
1201 West Peachtree Street
Suite 3000
Atlanta, Georgia 30309
(404) 815-3400
(404) 815-3415 (fax)

8

TPA#1986791.1

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing upon all parties to this matter by causing to be deposited a true copy of same in the U.S. Mail, proper first-class postage prepaid, properly addressed to the following:

Roy E. Paul
Todd M. Baiad
Bouhan, Williams & Levy LLP
P.O. Box 2139
Savannah, GA 31412

Mark D. Cahill
Kathleen Burdette Shields
Choate, Hall & Stewart, LLP
Exchange Place, 53 State Street
Boston MA 02109

James H. Cox
Carlton Fields, P.A.
One Atlantic Center
1201 W. Peachtree St., Ste. 3000
Atlanta, GA 30309

This 4th day of March, 2005.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

By: _____
Shawn A. Kachmar
Georgia Bar Number 405723

P.O. Box 9848
Savannah, GA 31412-0048
(912) 236-0261

573169-1