FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 AUG 30 AM 11: 21

CLERK ____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

GULFSTREAM AEROSPACE
CORPORATION,

    Plaintiff / Counterclaim Defendant,

v.    405CV018

CAMP SYSTEMS
INTERNATIONAL, INC.,

    Defendant / Counterclaimant.

## ORDER

## I. INTRODUCTION

Citing *IBM Credit Corp. v. United Home for Aged Hebrews*, 848 F.Supp. 495 (S.D.N.Y. 1994), plaintiff Gulfstream Aerospace Corporation (Gulfstream) moves the Court to vacate its opinion published at *Gulfstream Aerospace Corp. v. Camp Systems Intern., Inc.*, 428 F.Supp.2d 1369 (S.D.Ga. 2006), as well as its later opinion (doc. # 150) denying Gulfstream's reconsideration motion.[1] Plaintiff emphasizes that its motion is unopposed -- a concession that it obtained as part of the settlement that has since led to the dismissal of this case. Doc. # 157 at 1; *see also* doc. # 158 ("Stipulated Order of Dismissal" submitted by the parties and entered on 8/27/07).[2]

## II. BACKGROUND

Gulfstream, a jet aircraft manufacturer, brought this copyright action against Camp Systems Intern. Inc., a maintenance tracking company, alleging illegal use of maintenance manuals written by Gulfstream for use with its aircraft. Both sides cross-moved for summary judgment. This Court concluded that Camp did not impermissibly infringe on Gulfstream's copyright by using Gulfstream-authored maintenance manuals for use with maintenance-tracking Gulfstream aircraft. Camp made "fair use" of the manuals, and although its use of the manuals was commercial and substantial, the nature of the manuals was predominantly factual, and there was no evidence that Camp's use adversely affected the market for plaintiff's manual. *Gulfstream*, 428 F.Supp.2d at 1377.

The Court thereafter denied Gulfstream's motion for reconsideration, doc. # 150, but it did not publish that Order.[3] The Eleventh Circuit

---

[1] Gulfstream's motion to vacate is located at doc. # 156, and its supporting brief may be found at doc. # 157. To save paper, labor and space, this Court encourages litigants to file a motion/brief in *one* document. There is no rule requiring a separate document for a motion and one for the motion's supporting brief, and in these electronic-docketing times, the "paper-based" way of doing things is obsolete.

[2] One procedural twist now arises: Does this Court have jurisdiction to entertain Gulfstream's vacatur motion now that it has dismissed the entire case? For that matter, plaintiff did not ask the Court to stay entry of the dismissal until it resolved the vacatur motion. The issue need not be resolved in light of the result reached below.

[3] The Court's website has a "Written Opinions" section wherein the public, and thus any publisher, may obtain Court opinions for publication. Thompson West and other publishers are free to publish whatever they may choose. Thompson West owns Westlaw, http://west.thomson.com/default.aspx (site as of 8/31/07), and "publishes" many of this Court's opinions on Westlaw, but this and other courts refer to those "Westlaw-only" cases as "unpublished," while opinions found in F.Supp.2d, such as *Gulfstream*, are referenced as "published" opinions. This can be confusing because opinions that reside only on the Court's docket (*e.g.*, doc. # 150, unless Westlaw or someone "publishes" it) are also referenced as "unpublished." Those opinions obviously are also in the public domain, but typically only the

later denied an interlocutory appeal that this Court had certified. Doc. ## 150, 151. Subsequently, the parties settled. Doc. # 158. While Gulfstream insists that it negotiated the right to seek vacatur unopposed, doc. # 157 at 1, Camp has gone out of its way to point out that it "does not oppose -- nor does [Camp] join Gulfstream's motion to vacate." Doc. # 159.

## III. ANALYSIS

As explained in *Jones v. Unum Life Ins. Co. of Am.*, 486 F.Supp.2d 864 (E.D.Ark.2007), "[w]hen parties settle without going to trial, there is no final, valid judgment on the merits, which is required in virtually every jurisdiction ... for a litigant successfully to assert *res judicata*...." *Id.* at 866. The *Jones* court granted the vacatur motion in that case, reasoning that vacating an

> order denying summary judgment and dismissing the action will not create any legal consequences different from the consequences of any other dismissal because of a settlement before trial. No one is harmed and no one is helped by vacating that order.

*Id.* at 867. On top of that,

> District court rulings have influence only to the extent that jurists in other cases find them convincing, as would indeed be the case with other forms of legal analysis. Once a decision has been filed and in the public domain, its influence beyond any effect on the parties is based solely upon future readers' views of its merit, whether vacated in connection with a settlement or not so vacated.

*Id.* (*quoting IBM*, 848 F.Supp. at 497) (emphasis added).

But that same reasoning easily leads one to ask -- if nothing is binding on anyone, why go to all the trouble (paying ones counsel to draft and file a vacatur motion) of seeking vacatur?

It has been said that "vacated opinions, like unloaded guns, may be dangerous." Charles A. Sullivan, *On Vacation*, 43 HOUS. L. REV. 1143, 1144 (2006). But that comment came within the context of one *circuit's* vacated precedent ruffling another circuit's judicial feathers whence cited by counsel before it. *Id.* Even at that the discussion can get pretty complicated:

> The difficulty arises because the law uses "precedent" in two very different ways. In the weaker sense, "precedent" merely refers to any authoritative pronouncement of a court that other courts have an obligation to respect; in this sense, any court decision may be a "persuasive precedent," although precisely what that means--how respectful a court must be--is unclear. The second, and stronger, sense is "binding precedent," which means that a lower court, subject to the appellate jurisdiction of the higher court, is required to follow the decisions of that court, or, more accurately, to follow the "holdings" of that court. This is sometimes called the doctrine of vertical precedent; "*stare decisis*" is also sometimes used to refer to binding precedent in this sense, although it is often used to refer only to what has been called horizontal precedent, the obligation of a court to follow its own precedents.

---

immediate parties to a case or those who randomly peruse the Court's docket will be aware of them. So, there are degrees of "publication" and thus impact on the law.

2

*Id.* at 1146-48 (footnotes omitted).

All of that sensitivity flows from the binding, if not then merely persuasive, impact of *appellate* opinions both intact and vacated. *See, e.g., Berkley v. United States*, 48 Fed. Cl. 361, 370 n.3 (2000) ("Although [a prior case] was eventually vacated...and is no longer binding precedent in the Eleventh Circuit, it still provides sound guiding analysis").

In contrast, virtually no such sensitivity arises from a district court opinion. And vacating one will *not* cause publishers to magically erase them from the myriad published volumes sitting on law library shelves around the globe. In fact, what precisely would be accomplished by vacating *any* district court opinion, especially one that never did get bound up in a binding (on the immediate parties) judgment? *See In re Finley*, 160 B.R. 882, 898 (Bankr. S.D.N.Y. 1993) ("[A] logical and well-reasoned decision, *despite* vacatur, is always persuasive authority") (emphasis added).

Unsurprisingly, Gulfstream does not even explain *why* it seeks vacatur, other than the mere fact that it negotiated the right to do so and now professes that its "continuing concern over the Orders is evident...." Doc. # 157 at 3. Concern about what? Both opinions are in the public domain (one is unpublished, but anyone can find it on the Court's public docket), so entering a formal order vacating them at most would be a symbolic act.

Symbolic acts, like advisory opinions, should play no part in the federal judicial process. If all vacatur does is salve a wounded ego, that would not advance the *public's* interest. Granting Gulfstream's motion here, for that matter, would only create a precedent for more such motions -- thus wasting more judicial resources. Plaintiff's motion therefore is denied.

## IV. **CONCLUSION**

Assuming this Court has jurisdiction, *see supra* n. 2, plaintiff Gulfstream Aerospace Corporation's motion to vacate (doc. # 157) is ***DENIED***.

This 30 day of August, 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA